I must respectfully dissent from the decision reached by the majority.
Unlike the majority in this case, I do not find appellant's arguments before the trial court to have been contradictory, but rather, alternative theories utilized to support his position on the issue at bar. The plain language of the separation agreement executed by the parties is not subject to interpretation. The relevant portion of Article VII, paragraph 6 of said separation states:
 "The spousal support payment shall include an amount necessary to reimburse Wife for any additional tax liability incurred by her as a result of the amount of spousal support being included in her
annual gross income." (Emphasis added)
This statement must be viewed in its entirety and not dissected as has been done by the majority. Clearly, appellee's income is the only gross annual income which was contemplated by the parties as is evident from the inclusion of the word "her in said statement. As such, I not only agree with appellant that his tax liability for spousal support paid to appellee was to be based solely upon her annual gross income but, I also agree with appellant that there was no intention on the part of the parties to include any annual gross income of appellee's subsequent spouse in the annual tax liability calculation. There is no mention throughout the separation agreement of including a combined gross income in such calculation in the event of appellee's remarriage. By the plain language of the separation agreement, the parties' intent is clear.
Therefore, I would reverse the trial court's descision which required appellant to reimburse appellee for her spousal support tax liability in the amount of. $3,616.00.